# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CECELIA RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:07cv1722 TCM |
| | ) | |
| PATKAR HOSPITALITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion of defendant, Patkar Hospitality, LLC ("Patkar"), to dismiss for lack of subject matter jurisdiction the complaint of plaintiff, Cecelia Richardson, alleging that she was terminated in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.

## Background

At all times relevant, Patkar owned a Ramada Inn. (Compl. ¶ 8.) In April 2003, Plaintiff began working for Patkar at its Ramada Inn as an airport shuttle driver. (Id.) (Compl. ¶ 8.) In April 2007, Plaintiff injured her back at work when lifting heavy luggage. (Id. ¶ 9.) For approximately one month thereafter, she was assigned to light duty. (Id. ¶ 10.) On May 24, she was instructed by Patkar's owner to go home and not to return to work "until her doctor released her 100%." (Id. ¶ 11.) From that day through August 3, she "suffered from a serious health condition . . . involv[ing] continuing treatment by a health care provider

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

and incapacitat[ing] her from working and/or performing her daily life activities for more than three (3) consecutive calendar days." (Id. ¶ 12.)

On August 3, Plaintiff's doctor released her to return to work. (Id. ¶ 13.) She took this release to Patkar, but was not returned to work. (Id. ¶¶ 14-15.)

Plaintiff also alleges that Patkar is an employer within the meaning of the FMLA "because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius at its two (2) hotels, Ramada Inn and Northwest Inn." (Id. ¶ 6.)

Patkar argues that this Court lacks subject matter jurisdiction over the FMLA complaint because it is not an employer within the meaning of 29 U.S.C. § 2611(4)(A)(i). See Fed.R.Civ.P. 12(b)(1). Specifically, Naresh Patel, the managing member of Patkar, avers that Patkar has not employed 50 or more employees for each working day during each of twenty or more calendar workweeks in 2007 or 2006. (Patel Aff. ¶ 14.) Patkar owns one hotel, the Ramada Inn, and does not own the Northwest Inn, which is owned by Patrish LLC. (Id. ¶¶ 5-6.) Patkar has no ownership interest in Patrish, LLC, and is operated financially independent of Patrish, LLC. (Id. ¶ 6.) Patrish, LLC, also does not have 50 or more employees for the duration required by the FMLA. (Id. ¶ 15.) Moreover, were the two entities to be combined, the total of their employees would not satisfy the requirements of the FMLA. (Id. ¶ 17.)

Plaintiff does not dispute these factual averments.

**Discussion**

"Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts."[2] **Jessie v. Potter**, 516 F.3d 709, 712 (8th Cir. 2008).

Title 29 U.S.C. § 2611(4)(A)(i) defines an employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." "'Person' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29

---

[2]Following the Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) (a Title VII case), the Fifth Circuit Court of Appeals decided in **Minard v. ITC Deltacom Commc'ns, Inc.**, 447 F.3d 352, 353 (5th Cir. 2006), that the question of whether an employer had the minimum number of employees required by the FMLA was an essential element of a FMLA claim and not a limit on the federal court's subject-matter jurisdiction. The court then remanded the case to the district court to address whether the employer should be equitably estopped from pursuing a "non-eligible employee" defense based on the employer's representation to the employee that she was an eligible employee under the FMLA. **Id.** at 353, 354. In the instant case, there is only a claim in the complaint that Patkar has the required number of employees and an affidavit refuting that claim. There are no allegations relevant to any equitable estoppel argument.

Were the Court to review the number-of-eligible-employees issue to determine whether Plaintiff has stated a claim, see Fed.R.Civ.P. 12(b)(6), the Court would accept all factual allegations in the complaint as true. See **McAuley v. Federal Ins. Co.**, 500 F.3d 784, 787 (8th Cir. 2007). When, as in the instant case, matters outside that complaint are presented and considered, the motion is treated as one for summary judgment. **Id.** In her second motion for an extension of time within which to reply to the pending motion, Plaintiff explained that she was engaging in discovery to refute Patkar's position on the number of its employees and on the Northwest Inn and Ramada Inn being two separate entities. The granted extension has come and gone with no response from Plaintiff. Thus, Plaintiff has had an "notice and an opportunity to provide further materials," **id.**, but has failed to do so. The Court can only conclude that the factual averments of Mr. Patel are undisputed. See Fed.R.Civ.P. 56(c).

U.S.C. § 2611(8); 29 U.S.C. § 203(a). "Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the 'integrated employer' test." 29 C.F.R. § 825.104(c)(2). "Factors considered in determining whether two or more entities are an integrated employer include:

(i) Common management;

(ii) Interrelation between operations;

(iii) Centralized control of labor relations; and

(iv) Degree of common ownership/financial control."

Id. "'Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employee coverage and employee eligibility." Id. "Common ownership alone is insufficient to justify consolidation for counting purposes." **Schubert v. Bethesda Health Group, Inc.**, 319 F.Supp.2d 963, 966 (E.D. Mo. 2004). Additionally, "[w]here two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under the FMLA." 29 C.F.R. § 825.106(a). "In a joint employer relationship the analysis assumes separate legal entities exist but that they have chosen to handle certain aspects of their employer-employee relationships jointly." **Schubert**, 319 F.Supp.2d at 970. These aspects may include a joint ability to hire and fire an employee or to control that employee's work schedules. Id. at 971.

The 50 or more employees must be employed within 75 miles of an individual's worksite for that individual to be an "eligible employee" under the FMLA. **Hackworth v. Progressive Cas. Ins. Co.**, 468 F.3d 722, 726 n. 4 (10th Cir. 2006). Thus, "[t]he reach of

the FMLA is relatively limited." **Ragsdale v. Wolverine Worldwide, Inc.**, 218 F.3d 933, 936 n. 2 (8th Cir. 2000) (alteration added).

Plaintiff alleges that Patkar owns a Ramada Inn and she worked for Patkar as an airport shuttle driver. (Compl. ¶ 8.) Mr. Patel avers, without contradiction or opposition, that Patkar is a Missouri limited liability company and owns the Ramada Inn. Patkar has no ownership interest in Patrish, LLC, another limited liability company of which he is the managing member. Patrish owns another hotel, the Northwest Inn. The two companies are separate and independent, including in their personnel, management, and payroll functions. Neither employs 50 or more employees for each working day during 20 or more calendar workweeks. Together, they do not employ 50 or more employees during such a time period.

Patkar is not an employer within the meaning of § 2611(4). Nor can it be considered an integrated or joint employer with Patrish.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Patkar Hospitality, LLC, is **GRANTED**. [Doc. 9]

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of April, 2008.